## STEINER vs. BALLARD.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Payment, under a mistake.*—If a debtor pays money to a creditor under the belief that it is in compromise of a debt, and the creditor retains the money, after notice of the erroneous belief under which the payment was made, and an offer of rescision by the party paying, he does not thereby affirm the correctness of the party's belief, and is not precluded from the collection of his debt.

APPEAL from the Circuit Court of Butler.
Tried before the HON. JOHN K. HENRY.

THIS action was brought by the appellee against the appellant; was commenced on the 28th October, 1865 ; and was founded on a promissory note made by the defendant, on the 10th January, 1860, and payable on the 25th December, 1860.   The evidence, as set out in the bill of exceptions, shows that P. D. Page, as the attorney of the plaintiff, left the note in controversy with S. J. Bolling, a lawyer in Greenville, for collection, the amount due thereon being about $486 ; that said Bolling, under the belief that he was authorized to compromise the debt by Page, received from the defendant $325, in satisfaction and compromise of said note, and delivered up the note, and sent the money so collected to Page.   Page denied having authorized the compromise.   The defendant then offered to give up the note, and receive back the money paid under the belief that it was in compromise of the debt, and let the suit proceed against him ; but at this time Page had paid over the money so received from Bolling, to his client, and refused to return it.   The defendant requested the court to charge the jury, " that if defendant had paid three hundred and twenty-five dollars to plaintiff's attorney, in full compromise, as he believed, of the suit, and had, after he discovered that Page, as attorney of plaintiff, did not so understand it,

10

offered to return the note, provided Page would return the money, and if Page, as such attorney, refused to return the money, but held the same, that was electing to be bound by the compromise, and plaintiff could not recover anything in this suit," and the court refused to give the charge, and to this refusal the defendant excepted, and now assigns the same as error.

HERERT & POWELL, for appellant.

A. J. WALKER, C. J.—The proposition of the charge refused is this—that if one pay money to another under the belief that it is in compromise of a debt, the creditor, by retaining it after notice of the erroneous belief under which the payment was made, and an offer of rescission by the party paying, affirms the correctness of the party's belief, and is precluded from the collection of his debt. Such, we do not think is the law. If the money was in fact accepted as a compromise of the debt, the party had his opportunity to present that as a defense. If he committed a mistake and acted upon an erroneous belief, it would be most unreasonable to convert the retention of the money by the plaintiff, which may be really his due, into a confirmation of such erroneous belief. If the defendant did not owe to the plaintiff the money which he paid, he might have had action to recover it back, but we can see no reason or principle which would sanction the position taken by counsel, that a creditor, by retaining money paid to him under an incorrect belief, commits himself to the correctness of that belief. If the money was due to him, he had a right to retain it, notwithstanding the defendant paid under a mistake.

The decisions of this court are to the effect, that a plaintiff, after collecting money on his judgment, will not be permitted to assign error until he makes restoration. There is an inconsistency between the prosecution of an appeal from a judgment, and the enforcement of the collection of the same judgment. There is no inconsistency between the retaining of money paid on a note, and the collection of the balance due.

Affirmed.